UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 22-cv-10035-KING/DAMIAN

WILLIAM R. MORGAN,

    Plaintiff,

vs.

THOMAS C. FERGUSON, JR.,

    Defendant.

_____/

## ORDER FOLLOWING DISCOVERY HEARING

THIS CAUSE is before the Court on Defendant, Thomas C. Ferguson Jr.'s ("Defendant"), Discovery Memorandum Regarding the In-Person Deposition of Plaintiff ("Memorandum"), filed December 5, 2022. [ECF No. 17]. This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge, to take all necessary and proper action as required by law with respect to all pretrial discovery matters. [ECF No. 8]. *See* 28 U.S.C. § 636(b)(1).

THE COURT has reviewed the parties' Memoranda [ECF Nos. 17 and 19] and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard from the parties, through their counsel, at a Zoom Discovery Hearing held December 15, 2022. Upon consideration of the Memoranda and all relevant authorities, and for the reasons stated on the record at the discovery hearing, the Court finds as follows:

### Background And Relevant Proceedings

On February 27, 2022, Plaintiff, William R. Morgan ("Plaintiff"), filed this action in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, alleging that

Defendant negligently operated a vessel that crashed into Plaintiff's vessel causing Plaintiff to suffer severe and permanent injuries. [ECF No. 1-1 at ¶¶ 5–7]. On April 14, 2022, Defendant removed the state court action to this Court based on diversity of citizenship. [ECF No. 1]. *See* 28 U.S.C. § 1441(b).

On April 19, 2022, Plaintiff filed a Motion to Transfer the case to the District Court's Key West Division. [ECF No. 3]. Defendant did not oppose the requested transfer. [ECF No. 4]. Therefore, on May 4, 2022, the District Court granted the unopposed Motion to Transfer the case to the Court's Key West Division. [ECF No. 6].

Pursuant to the Court's Scheduling Order, this matter is set for trial during the two-week period commencing August 14, 2023, and the deadline for conducting all discovery is March 29, 2023. [ECF No. 8].

<u>Defendant's Memorandum and Plaintiff's Response</u>

Defendant seeks to compel Plaintiff to appear in person for his deposition in South Florida. [ECF No. 17 at 4]. According to Defendant's Memorandum, Plaintiff will not suffer financial harm because Plaintiff, who currently resides in North Carolina, already made arrangements to travel to South Florida for his scheduled Rule 35 medical examinations in December. *Id.* at 2. More specifically, and as stated on the record during the December 15, 2022 hearing, Plaintiff already traveled to South Florida on December 8, 2022 for his first medical examination and plans on returning for his second medical examination on December 22, 2022. *Id.*

In his Responsive Memorandum, Plaintiff seeks a protective order from having to appear for his deposition in South Florida. [ECF No. 19 at 2]. Plaintiff asserts that requiring him to travel to South Florida is a great hardship and undue burden because of his "inability

2

to obtain meaningful employment" to pay for such additional travel expenses. *Id.* Plaintiff also claims that he is the caretaker for his 82-year-old landlord and that Plaintiff would be unable to make further arrangements to travel to South Florida without losing his current housing arrangements. *Id.* at 3. Therefore, Plaintiff requests the Court permit his deposition to be taken through video-teleconference or Zoom and order Defendant to pay attorney's fees and costs as a discovery sanction for allegedly failing to appear for the Plaintiff's previously scheduled deposition by remote means. *Id.* at 5.

Applicable Legal Standards

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020); *see also Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (Snow, J.) ("[T]he Plaintiff in an action should expect to be deposed in the forum where the action is pending"). Likewise, a plaintiff must be available for a medical, physical, or mental examination in the district where the action is pending. *See Levick*, 228 F.R.D. at 672 (medical and physical examinations); *Sarac*, 2020 WL 97782, at *2 (mental examinations). This helps "ensure[ ] that the examining doctor is available as a witness at trial." *Levick*, 228 F.R.D. at 672.

Nevertheless, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition [or examination]." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a

different location, or by alternative means, if he demonstrates the requisite good cause." *Hogue v. McHugh*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (McAliley, J.) (citing Fed. R. Civ. P. 26(c)(1)). In other words, "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition [or examination] in the forum may yield to the exigencies of the particular case.'" *Dude v. Congress Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018) (Matthewman, J.) (quoting *Trims v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008)). Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending. *Hogue*, 2012 WL 13064092, at *2.

In determining whether the plaintiff has demonstrated good cause sufficient for the general rule to "yield to the exigencies of the particular case," the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *See Dude*, 2018 WL 1009263, at *2; *Sarac*, 2020 WL 97782, at *3. However, the burden of things like childcare responsibilities and limited finances on a plaintiff, standing alone, "are not good cause to deviate from the general rule[.]" *See Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-cv-80855, 2017 WL 1395509, at *1 (S.D. Fla. Apr. 6, 2017) (Middlebrooks, J.).

## Discussion

For the reasons stated on the record at the December 15, 2022 hearing, the Court finds that Plaintiff has not shown the requisite good cause to deviate from the general rule that

Plaintiff must make himself available for deposition in the jurisdiction in which he filed suit. While the Court is sympathetic to Plaintiff's current financial circumstances and living arrangements, this alone is not sufficient good cause for the general rule to "yield to the exigencies of the particular case." Indeed, Plaintiff has already made arrangements to travel to South Florida twice for his medical examinations—including on December 22, 2022 for his second medical examination.

At the hearing before the undersigned, Plaintiff's counsel stated that he is not available on December 22, 2022 to schedule Plaintiff's deposition that same date after Plaintiff's medical examination. However, Plaintiff's counsel's unavailability is not good cause to preclude Plaintiff's in-person deposition from taking place in South Florida at a later scheduled date.[1]

## Conclusion

Accordingly, based on the foregoing, and as stated on the record, it is hereby

ORDERED AND ADJUDGED as follows:

1. The relief requested in Defendant's Discovery Memorandum [ECF No. 17] is **GRANTED.** Plaintiff shall appear for his deposition in South Florida on a date agreed to by the parties and, based on the agreement of the parties, Plaintiff's deposition shall be conducted before Defendant's deposition.

---

[1] At the hearing, counsel agreed to work together to find a mutually agreeable date for the taking of Plaintiff's deposition in early January 2023, and Plaintiff's counsel agreed to postpone the taking of Defendant's deposition, which is currently scheduled for early January 2023, until after Plaintiff's deposition is taken.

2.	The relief requested in Plaintiff's Responsive Memorandum [ECF No. 19] for an award of attorney's fees and costs as a discovery sanction is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of December 2022.

                                               MELISSA DAMIAN
                                               UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record